# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY.

### OCTOBER TERM, 1885.

---

THEODORE RUNYON, ESQ., ORDINARY.

---

H. STAATS BONNEY, executor &c., appellant,

*v.*

ELIZA P. HAYDOCK, respondent.

1. A son-in-law rendered services to a decedent in his lifetime, without any promise or expectation then of compensation, and the son-in-law was appointed one of the executors, and served as such. He made a claim of $1,083 for those services in his accounts. The court allowed only $541.50. He appealed.—*Held*, that the court would not reverse. There was no appeal on the part of any one interested adversely.

2. The court may refuse to charge the counsel fees in a successful suit, brought by the executor against the testator's widow, to recover assets of the estate, upon the income of the estate, in which the widow has a direct interest as annuitant.

3. On successful exceptions to an executor's account, a counsel fee may be allowed the exceptant (an annuitant) out of the *corpus* of the estate.

513                    33

Appeal from decree of Union orphans court.

*Mr. G. Berry*, for appellant.

*Mr. J. R. English*, for respondent.

THE ORDINARY.

The questions submitted are, whether the orphans court ought not to have allowed to the appellant, on passing his account as one of the executors of Eden Haydock, deceased, the sum claimed by him, $1,083, instead of $541.50, the amount which they allowed for services rendered by him to the decedent in his lifetime ; whether the court ought not to have charged against the income of the estate, instead of the *corpus* (in the former of which the widow appears to be especially interested as annuitant), the counsel fees paid by the executor in a successful suit brought by him against the widow to recover assets of the estate ; and whether the court ought to have allowed, as it did, a counsel fee payable out of the *corpus* of the estate to the respondent's counsel in the matter of the exceptions.

The proof on the subject of the allowance to the appellant for his services to the testator is not such as to justify a reversal of the decree of the orphans court on that head, at the instance of the appellant. There appears to have been no agreement between the testator and him, either as to the payment which he should receive for the services, or that he should receive pay at all. He seeks to recover upon a *quantum meruit*. The services were such as he, as the husband of the testator's only child, would have cheerfully rendered without other compensation than such as he might receive in the preservation of the estate for his wife, to whom it was eventually to go. He says that they consisted of the collection of dividends, making up the testator's accounts, and transacting all his financial business, and that he did all business which the testator required him to do. He testifies that the testator said to him :

"I know I am putting you to a great deal of trouble, but you shall be paid for all this."

He also says that he would not have objected to rendering the services had the testator told him that he would never get any pay for them. He made no charge for the services; there was no agreement as to any price. He never requested the testator to pay him for them nor made any demand upon him in respect to them. There is no evidence of a promise to pay for them, except that of the appellant himself, which is incompetent.

There was no error in the refusal to charge the counsel fees of the chancery suit upon the income of the estate, nor in allowing a counsel fee to the respondent's counsel out of the *corpus*.

The decree will be affirmed, with costs to be paid by the appellant.